AREUNAH M. BRINK, as Administrator, etc., of S. DANA KIMBALL, Deceased, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

Second Department, January 23, 1920.

Railroad — negligence — collision of automobile with train — trial — when refusal to charge erroneous — foreign statutes — when need not be pleaded.

Where in an action to recover damages for the death of the plaintiff's intestate through a collision of his automobile with an east-bound train (No. 2) of the defendant the evidence tends to establish that the station flagman gave warning of a west-bound train (No. 1) and then lowered his flag and walked to the westward, it was reversible error to refuse to charge that if the jury find " that the flagman, after the No. 1 train passed over, walked away from the crossing and failed to guard the crossing with sufficient care to warn the decedent's automobile of the dangers of the approach of train No. 2, and that the failure on the part of the flagman caused the plaintiff's automobile to cross over the railroad tracks, then negligence could be predicated against the defendant on that point."

Chapter 96 of the New Jersey Laws of 1909 providing in effect that in any action for injuries to the person, or for death, the plaintiff shall not be barred because of the failure of the person injured or killed to stop, look and listen, before passing over the crossing, binds only the courts within the enacting State and does not go to the foundation of the cause of action and need not be pleaded in order to be proven in an action for negligence brought in this State based on acts occurring in New Jersey.

KELLY, J., dissents in part.

APPEAL by the plaintiff, Areunah M. Brink, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 24th day of February, 1917, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

The action was for the death of plaintiff's intestate, S. Dana Kimball, through a collision on May 29, 1916, of a Chalmers touring car with an east-bound railroad train at a grade crossing on the Belleville turnpike, which runs southeasterly through the New Jersey meadows from Belleville, N. J., to Jersey City.

The automobile, with other vehicles bound for Jersey City,

had stopped at this crossing. The flagman had given warnings for a west-bound train (termed No. 1). After that train passed what occurred was disputed. Kimball's chauffeur said the flagman lowered his flag and walked to the westward, where a covered truck alongside the automobile hid the flagman from the chauffeur's view. The automobile went on the crossing and was struck by an east-bound train, No. 2. There was testimony that engine bells were sounding, also a long crossing whistle from train No. 2, as it approached.

The plaintiff introduced in evidence certain statutes of the State of New Jersey with reference to railroad crossings protected by flagmen. One of these, chapter 96 of the Laws of New Jersey of 1909, applied to this railroad crossing. A question was raised whether the statute in question was properly received since it had not been pleaded in the complaint.

*Sydney A. Syme,* for the appellant.

*William C. Cannon* [*Theodore Kiendl, Jr.,* and *Harold W. Bissell* with him on the brief], for the respondent.

PER CURIAM:

Reversible error was committed in the refusal to charge as requested, that if the jury find " that the flagman, after the No. 1 train passed over, walked away from the crossing and failed to guard the crossing with sufficient care to warn the decedent's automobile of the dangers of the approach of train No. 2, and that the failure on the part of the flagman caused the plaintiff's automobile to cross over the railroad tracks, then negligence could be predicated against the defendant on that point."

The majority of the court are of opinion that chapter 96 of the New Jersey Laws of 1909, with reference to railroad crossings protected by flagmen, was not required to be pleaded in the complaint. Courts in New York do not nonsuit a plaintiff injured at a crossing for not stopping at such crossing. It is a question of fact, since a jury may consider the reliance on a stationed flagman there in deciding whether the injured person used reasonable care. This New Jersey statute, declaring that in any action, brought for injuries to person or property, or for death caused at any crossing protected as aforesaid,

a plaintiff shall not be barred because of the failure of the person injured or killed to stop, look and listen before passing over the crossing, is only to settle the point that the issue of contributory negligence is for the jury. That has now become the rule also in New York. (*Elias* v. *Lehigh Valley R. R. Co.*, 226 N. Y. 154.) Obviously such a regulation, prescribed for the conduct of a trial, binds only the courts within the enacting State (*New York, S. & W. R. Co.* v. *Thierer*, 209 Fed. Rep. 316), and does not go to the foundation of the cause of action.

The judgment and order appealed from are, therefore, reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur; KELLY, J., however, holds that the New Jersey statute is substantive, and, therefore, should have been pleaded.

Judgment and order reversed and new trial granted, with costs to abide the event.